SARAH C. THURSTON, executrix &c., appellant,

v.

STEPHEN G. GOUGH, respondent.

If a *caveat* to the probate of a will before a surrogate be withdrawn before he is called upon to act, and before the orphans court has taken any action thereunder, as authorized in *Rev. p. 755 § 14*, the surrogate is not deprived of jurisdiction, but may admit the will to probate.

Appeal from order of Hudson orphans court.

*Messrs. Traphagen & Beekman,* and *Mr. S. C. Mount,* for appellant.

*Messrs. Williams & Cowles,* for respondent.

THE ORDINARY.

Edward Gough, died at Jersey City, March 29th, 1885, testate. On April 8th, 1885, Isaac Gough, one of his sons, filed in the office of the surrogate of Hudson county a *caveat* against admitting to probate any paper purporting to be the will of the decedent, until after examination and decree thereon by the orphans court of that county. On April 23d, 1885, fifteen days afterwards (no day had been fixed by the orphans court for the hearing of any application to admit any paper to probate as the will of the decedent), he withdrew the *caveat* by writing to that effect, of that date, at the foot of the *caveat*, and signed by him in the presence of the surrogate who signed it as attesting witness. Afterwards, on that day, a paper purporting to be the will of the decedent was offered for probate to the surrogate by the executors therein named, and it was admitted to probate by and proved before him, and he issued letters testamentary thereon.

On the 28th of April, 1886, about a year afterwards, Stephen G. Gough presented a petition to the orphans court, stating that on the 23d of April, 1885, a paper purporting to be the last

Thurston *v.* Gough.

will of the decedent was presented to the surrogate for probate; that a *caveat* was filed on the 8th of that month, and that it was the duty of the parties offering the will for probate, to apply to the orphans court to fix a day for the hearing, but that no day had been fixed, and no hearing had. The court, upon the filing of the petition, granted an order to show cause why a day should not be fixed for the hearing upon the *caveat.* Afterwards the executors answered the petition. The answer stated the facts hereinbefore mentioned up to and including the admission of the will to probate, and stated further that upon the same day upon which the will was admitted to probate, the orphans court granted the executors an order to limit creditors, which was duly published; that the executors, on the 25th of May, 1885, filed an inventory; that on the 30th of January, 1886, an order barring creditors was entered; that on or about the 24th of April, in that year, the executors filed their account, and that notice had been given that it would be audited and stated by the surrogate on the 3d of July then next. It stated also that the petitioner and others interested in the estate, had taken part in the administration of the estate by accepting money on account of their legacies or shares under the will. On the 15th of May, 1886, the court proceeded to the hearing and then adjourned it to June 12th, 1886. Before that time the proceedings were stayed by this appeal.

If one who files a *caveat* can withdraw it (as he undoubtedly may), then the only question that there can be, in this case, is whether the fact of filing a *caveat,* even though it be withdrawn immediately after it is filed, will, under our statute, deprive the surrogate of jurisdiction to prove the will. The act declares that the surrogates of the several counties of the state shall take depositions to wills, and admit the same to probate, and grant letters testamentary thereon; but in case doubts arise on the face of the will, or a *caveat* is put in against proving a will, the surrogate shall not act in the premises, but shall issue citations to all persons concerned to appear in the orphans court of the same county, which court shall hear and determine the matters in controversy. *Rev. p. 755 § 14.* In *Grandin* v. *Slocum, 11 Stew.*

*Eq. 485,* it was held that where a *caveat* has been filed and the orphans court has fixed a day for the hearing thereupon, the surrogate's jurisdiction is not restored by the withdrawal of the *caveat.* In this case the *caveat* was withdrawn before any action thereon had been taken by the orphans court.

The mere fact that the *caveat* has been filed will not, if the *caveat* has been withdrawn before the surrogate is called upon to act, and before the orphans court has taken any action under it, deprive the surrogate of jurisdiction. But if there is a subsisting *caveat,* or if one has been filed, and though withdrawn, it was not withdrawn until after the orphans court had taken action under it, the surrogate will have no jurisdiction. The effect of a *caveat* is said to be to stop probates &c., from being granted without the knowledge of the party that enters it. *Cockb. Prac. 26.* A person who has filed a *caveat* may subduct or withdraw it, and the subduction or withdrawal leaves the court free to act without notice to the caveator. *Goddard* v. *Smith, L. R. (3 P. & D.) 7.*

The order appealed from should be reversed, with costs.